PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1998 Plymouth Voyager struck an inlet grate as he was traveling on US Route 219 in Pocahontas County. US Route 219 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 1:00 p.m. and 1:30 p.m. on June 17, 2009. Claimant was traveling on US Route 219 when he drove on an uneven section of pavement which caused his vehicle to veer towards the side of the road and strike a deep inlet grate. The road did not have edge lines at that time. As a result of this incident, Claimant’s vehicle sustained damage to its transmission in the amount of $2,930.90. Since Claimant’s insurance deductible was $500.00, Claimant’s recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the condition on US Route 219 at the time of the incident. Kevin Guy Lewis, Construction Inspector for Respondent, testified that he is responsible for ensuring that contractors hired by Respondent perform their work according to Respondent’s specifications. He stated that, at the time of Claimant’s incident, a contractor was paving approximately three and a half miles of US Route 219, which is a primary road in terms of its maintenance. Mr. Lewis placed an orange and white striped barrel at the location of the inlet on June 11,2009. He testified that someone removed the barrel from that location, but he could not recall the date when he first realized that the barrel was missing. James McCoy, Pocahontas County Administrator for Respondent, testified that he received a call from the Claimant on June 17, 2009, regarding this incident, and Respondent’s crews re-placed a safety barrel and installed delineators at the location of the inlet grate. Prior to June 17, 2009, Respondent did not have notice that the barrel had been removed from the site of the inlet grate.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dept of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dept Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the exposed inlet grate. Since this incident occurred on a primary road and the exposed inlet grate created a hazard to the traveling public, the Court finds Respondent negligent. Thus, Claimant may recover for the damages sustained to his vehicle.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $500.00.
Award of $500.00.